IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BRICE BRAXTON**,

        **Plaintiff,**

v.                                              Case No. 3:21-cv-00049

**CABELL HUNTINGTON HOSPITAL;**
**DR. SHIMA GAVIMI; and**
**MEDICAL STAFF OF CABELL**
**HUNTINGTON HOSPITAL,**
unknown currently,

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff filed this *pro se* civil action on January 19, 2021, alleging that the defendants committed assault and battery and performed a non-consensual surgery upon him. (ECF No. 2 at 4). Pending are Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and an initial screening of his complaint by this Court pursuant to 28 U.S.C. § 1915(e)(2). (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claims asserted; therefore, the complaint should be dismissed. With respect to Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, the

Court **DENIES** the application, as moot.

I. <u>**Relevant Facts**</u>

On December 23, 2020, Plaintiff presented for an endoscopy procedure at the Erma Ora Byrd Clinical Center. (ECF No. 2 at 4). Plaintiff claims that, shortly after medical staff began to administer anesthesia to him, one of the staff members struck Plaintiff in the face. Plaintiff states that when the procedure was completed, and as he was awakening from the anesthesia, he was once more struck in the face by "an unknown assailant." (*Id.*). According to Plaintiff, after the assault, he was again anesthetized, and an unknown medical staff member performed a non-consensual surgery on him. Plaintiff alleges emotional and mental distress from the defendants' medical treatment, which he describes as "unethical, discriminatory, and highly outrageous." (*Id*). For relief, Plaintiff seeks restraining orders on the defendants and their associates, as well as the maximum nominal, compensatory, and punitive damages available. (*Id.*).

II. <u>**Standard of Review**</u>

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an

arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

As part of its initial screening, this Court may determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."). "Federal courts are courts of limited subject matter jurisdiction, and as such

there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017) (quoting *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010)). Whether the court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction")). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists in one of two circumstances: (1) when a "federal question" is presented, or (2) when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is premised upon on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654 (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

Here, Plaintiff alleges wrongdoing that purportedly raises a "federal question." (ECF No. 2 at 3). However, he offers no underlying federal statute or constitutional provision that confers subject matter jurisdiction in federal court, "nor is any type of federal question jurisdiction otherwise evident from the face of the complaint." *Powell v.*

4

*Cape Fear Valley Hosp.*, No. 5:14-CV-160-BO, 2014 WL 2505646, at *2 (E.D.N.C. June 3, 2014). Plaintiff's claims do not involve medical care rendered by federal employees, nor was the medical care provided by or at a federal facility. To the contrary, Plaintiff complains about treatment received from a private hospital and members of its medical staff at one of its local clinics. Thus, Plaintiff alleges simple negligence, assault, and outrage, which are generally issues of state law to be heard in state courts.

Given that Plaintiff's complaint does not raise a federal question, this Court's jurisdiction over the complaint is only proper "if the amount in controversy exceeds $75,000 and there is **complete** diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018) (emphasis added), *aff'd as modified,* 742 F. App'x 782 (4th Cir. 2018). Complete diversity of citizenship means that there is no plaintiff and no defendant in the case who are citizens of the same State. Thus, in a case with one plaintiff and more than one defendant, the presence of a single defendant from the same State as the plaintiff "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, (2005) (citations omitted).

In the complaint, Plaintiff indicates that he resides at 624 10th Street in Huntington, West Virginia. He notes that Cabell Huntington Hospital, Dr. Gavimi, and the Medical Staff of Cabell Huntington Hospital are also residents of Huntington, West Virginia. Accordingly, as Plaintiff and at least one of the defendants are citizens of the State of West Virginia, there is not complete diversity of citizenship as required for this Court to exercise subject matter jurisdiction over the dispute. Plaintiff offers no evidence to the contrary. Indeed, he does not assert diversity as a basis for federal court

5

jurisdiction. Consequently, the undersigned **FINDS**, that in the absence of complete diversity of citizenship, Plaintiff's complaint must be dismissed in this Court, and his claims pursued in a State court with subject matter jurisdiction.

## IV.     Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED** for lack of subject matter jurisdiction, and this action be **REMOVED** from the docket of the court. Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED** as moot.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Federal Rules of Civil Procedure 6(d) and 72(b), Plaintiff shall have fourteen days (for filing of objections) plus an additional three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** January 21, 2021

Cheryl A. Eifert
United States Magistrate Judge